EDGAR BROS. CO. *v.* UNITED STATES [1]

United States Customs Court, Third Division

(Decided August 10, 1938)

*Charles D. Lawrence,* Acting Assistant Attorney General (*Samuel D. Spector* of counsel), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges; EVANS, J., not participating

KEEFE, Judge: The plaintiff claims that the collector illegally assessed duty upon an importation of seven used automobiles that were entitled to free entry as American goods returned under paragraph 1615 of the Tariff Act of 1930.

The facts shown by the entry papers and established at the trial are as follows: Edgar Brothers Co., engaged in the sale of automobiles, sold under conditional sales contract seven automobiles to Mexican purchasers. The export declarations establish that Edgar Brothers Co. was the exporter; that each of the purchasers was unable to continue making payments under the conditional sales contract and voluntarily surrendered the automobiles to a representative of the Edgar Brothers Co. who returned them to the United States; that all of the automobiles were entered in the name of Charles Woo Quong or the American Brokers Co. for the account of Edgar Brothers Co. and the importer had complied with all of the regulations of the Secretary of the Treasury.

The collector, however, determined that the automobiles had not been exported by the importer thereof and denied free entry under

[1] C. D. 29.

the American goods returned provision, liquidating the entries as dutiable.

In this court the plaintiff established that the automobiles were actually exported by the firm of Edgar Brothers Co. and that they were imported by or for the account of the same firm. The question arises, however, whether or not the seller is actually the exporter, when the article purchased is taken from the United States by the purchaser. That question was passed upon by the Court of Customs and Patent Appeals in the case of *United States* v. *Gerardo Olivo*, 20 C. C. P. A. 12, T. D. 45645. In that case a coffee machine was sold the appellee and the question arose concerning the identity of the exporter of the merchandise. The court there stated that an order given by a foreign purchaser accompanied by payment before shipment is not sufficient to show that the foreign purchaser for whose account the goods were shipped abroad is the exporter within the meaning of paragraph 1514, Tariff Act of 1922.

The situation here is entirely different from circumstances where an automobile is sold in the United States to a resident thereof, who, after gaining possession of the article, removes it from the United States to a foreign country, where it is repossessed by the seller and returned to the United States for his own account. There, the automobile clearly is not returned by or for the account of the exporter thereof. When selling the automobiles here in question, it was the intention of the plaintiff, under express agreements with the purchasers, that the automobiles be exported and that the purchasers act as the conveyors of the automobiles across the border into Mexico. The sales were not consummated in the United States and thereafter exported to Mexico at the whim of the purchasers upon their own responsibility. In such a state of facts as here presented, the seller becomes the exporter. It is of little consequence whether the manual act of transporting the automobiles across the border was accomplished by the purchasers or through the means of a commercial agency. The act of exportation was executed under authority of the seller and that firm alone may be regarded as the exporter thereof. It is also fully established by the evidence that the automobiles were returned to the exporter thereof, to wit, the Edgar Brothers Co., without having been advanced in value or improved in condition by any process of manufacture or other means. Consequently, the automobiles are entitled to free entry as American goods returned when the regulations attending free entry are complied with as they have been in these entries.

For the reasons stated, judgment will be entered in favor of the plaintiff, directing the collector to reliquidate the entries and to refund all duty taken.